Filed 9/24/15  P. v. Robison CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DON ALLEN ROBISON,<br><br>    Defendant and Appellant. | F068700<br><br>(Super. Ct. Nos. BF147457A & BF142959A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Gomes, Acting P. J., Poochigian, J. and Peña, J.

Appellant Don Allen Robison pled no contest in case No. BF142959A to receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)) and no contest in case No. BF147457A to possession of methamphetamine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)).  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On June 11, 2012, Bakersfield Police Detective Brian West was assigned a case involving a U-Haul trailer containing dog food that was stolen overnight from the front of Patricia Irwin's house.  After reviewing the case, Detective West was contacted by Officer Dietrich and advised that the trailer had been located on the driveway of a residence on Castaic Drive where Andrew Miller and Andy Queen lived.  The couple was interviewed by officers and stated that a few days earlier Robison had asked for and received permission from them to park the trailer on their driveway for a few days. Miller and Queen each identified Robison from a picture as the man who left the trailer on their driveway.

On June 12, 2012, after determining that Robison was on probation with search conditions, Detective West and another officer went to Robison's residence, but he was not there.  However, the officers spoke with Amy Heitman who told them there had been a U-Haul trailer parked in the alley behind the residence and that Robison had moved it from there.  Robison then arrived at the residence and Detective West asked him about the trailer.  Robison told Detective West there had been a trailer in the alley that was partially blocking it.  When Robison went to move the trailer, a man named "Jack" told him the trailer belonged to him and that he needed help moving it.  At Jack's direction, Robison left the trailer at the address on Castaic.  Detective West spoke with Heitman again, and she told him she accompanied Robison as he attached the trailer in the alley to their vehicle and drove to her grandmother's house.  From there, Robison left with the

2

trailer and returned approximately 30 minutes later without it. The officers arrested Robison.

At approximately 7:00 p.m., Detective West received a call from Officer Christopher Dalton who informed him that they had conducted a probation search at Robison's residence and found a bag of the dog food that had been stolen from the trailer.

Around August 8, 2012, the district attorney filed an information charging Robison with receiving a stolen vehicle (count 1/Pen. Code, § 496d, subd. (a)) and receiving stolen property (count 2/Pen. Code, § 496, subd. (a)). On August 13, 2012, Robison filed a suppression motion and a *Pitchess*[1] motion seeking discovery of complaints filed against Detective West and Officer Dalton relating to harassment, false report writing, or illegal threats.

On October 16, 2012, pursuant to Robison's *Pitchess* motion, the court conducted an in camera review of the personnel records of Detective West and Officer Dalton, but it did not find any discoverable material.

On March 4, 2013, at approximately 4:00 p.m., Kern County Sheriff's Deputy Kyle Konze was in the jail's parking lot when he saw a parked Chevy Tahoe with no front or back license plates. Deputy Konze approached the car and found Robison sitting in the driver's seat with the window rolled up and his three-year-old son in the car. Konze asked Robison to roll the window down and he rolled it down six inches. After speaking with Robison for a minute, the deputy noticed the odor of marijuana emitting from the Tahoe. He then had Robison exit the vehicle and Robison was taken to the rear of his vehicle and pat-searched. The deputies searched the Tahoe and found over $28,000 in currency, a loaded derringer, and two small vials containing methamphetamine.[2] Robison was arrested. While in custody, he told two deputies that

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[2] The contents of one vial were analyzed and found to contain 1.2 grams of methamphetamine.

3

he wanted to triple his money and that he was going to use the money to buy drugs (case No. BF147457A).

On April 25, 2013, the court denied defense counsel's motion to suppress in case No. BF142959A.

On September 4, 2013, the district attorney filed an information in case No. BF147457A charging Robison with possession of methamphetamine while armed with a firearm (count 1) and possession for sale of methamphetamine (count 2, Health & Saf. Code, § 11378. Each count alleged two on-bail enhancements (Pen. Code, § 12022.1). Additionally, count 2 alleged a personally armed with a firearm enhancement (Pen. Code, § 12022, subd. (c)) and a principal armed with a firearm enhancement (Pen. Code, § 12022, subd. (a)(1)).

On September 9, 2013, Robison filed a motion to suppress and a *Pitchess* motion seeking discovery of complaints filed against Deputy Michael Brummett relating to dishonesty, false reporting, or tampering with evidence.

On October 7, 2013, the court conducted an in camera hearing pursuant to Robison's *Pitchess* motion and it denied the motion in part and granted it in part.

On November 21, 2013, a hearing on Robison's suppression motion ended abruptly when Robison accepted a plea deal. The agreement provided that in exchange for Robison's plea to receiving a stolen vehicle in case No. BF142959A and to possession of methamphetamine while armed in case No. BF147457A, Robison would receive a stipulated two-year term and the remaining counts and enhancements in those two cases would be dismissed along with two unrelated cases, case Nos. BF139549A and BF151783A. Additionally, Robison would be allowed to remain out of custody on a *Cruz*[3] waiver until he was sentenced.

---

**3**      *People v. Cruz* (1988) 44 Cal.3d 1247.

On January 2, 2014, Robison advised the court that he wanted to withdraw his plea.

On January 9, 2014, the court denied Robison's *Marsden*[4] motion and his motion to withdraw his plea. The court then sentenced Robison to the mitigated term of two years on his possession of methamphetamine while armed conviction and a concurrent middle term of two years on his receiving a stolen vehicle conviction.

Robison's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Robison has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.

---

**4** *People v. Marsden* (1970) 2 Cal.3d 118.